# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CREIG J. MENARD, ET AL. | CIVIL ACTION NO.: 17-0019 |
| VERSUS | MAGISTRATE JUDGE WHITEHURST |
| ORKIN, LLC d/b/a ORKIN | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Before the Court is the Motion For Partial Summary Judgment on Plaintiffs' Claim for Emotional Distress Damages filed by defendant Orkin, LLC ("Orkin"). [Doc. 38]. The motion is unopposed. For the following reasons, Orkin's motion is GRANTED, and the plaintiffs' claim for emotional distress damages is DENIED AND DISMISSED WITH PREJUDICE.

The instant lawsuit seeks to recover damages defendant Orkin for damages to a residential dwelling due to termites. The relevant facts and procedural history of this case, as well as the standard governing summary judgment motions, have been set forth in detail in this Court's ruling on two other motions filed by Orkin [Doc. 50]; those facts are incorporated by extension herein.

Plaintiffs allege a claim for emotional distress damages as a result of Orkin's alleged breach of a termite control contract between the parties. Plaintiffs' claim for emotional distress damages is governed by Article 1988 of the Louisiana Civil Code,

which states:

> Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
>
> Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

La. Civ. Code art. 1998 (West 2018).

In *Young v. Ford Motor Company, Inc.*, 595 So.2d 1123, 1133 (La. 1992), the Louisiana Supreme Court explained the difference between pecuniary and non-pecuniary loss in the context of an automobile purchase, as follows:

> Thus, under Article 1998, which is the controlling article for the type of damages referred to by the redhibition articles (specifically Article 2545), if it can be established that the obligee intended—and if the nature of the contract supports this contention—to gratify a significant nonpecuniary interest by way of the contract, and that the obligor either knew or should have known that failure to perform would cause nonpecuniary loss to the obligee, then the requirements for recovery of nonpecuniary damages are satisfied.
>
> Although purchase of a new truck or car may be prompted by both the pecuniary interest of securing transportation and the nonpecuniary interest relating to enjoyment, taste, and personal preference of owning and driving the chosen vehicle, the nature of the contract is primarily pecuniary (unless other factors evidence a different conclusion). Contrast the contract of purchase made in a standard new car sale with a contract for purchase of an antique car that, while it might be driven on the streets, represents the obligee's desire to own, and perhaps to

2

show, a distinctive, unique automobile. Or, contrast the traditional new car purchase contract with a contract for purchase of a specially-designed, custom-built vehicle.

In this case, the nature of the contract does not make it evident, nor do the facts and circumstances surrounding the formation of the contract demonstrate that Young purchased the new pickup truck from Bordelon Motors, Inc. for a significant nonpecuniary purpose. Although he testified that he wanted a larger cab area so that he could lie down on trips if his back started to bother him, that desire seemed more incidental in nature than that which would constitute a significant nonpecuniary interest in purchasing the truck. The rest of his testimony concerned the need to use the truck in his service station business to haul tires or to transport customers while their cars were being fixed. Even his plans for recreational use of the vehicle (i.e., fishing trips) constituted the pecuniary interest of requiring suitable transportation to haul his fishing boat.

Thus, it is clear that the nature of the contract, as well as the intentions of the parties in confecting the contract, are significant factors in determining whether non-pecuniary damages are recoverable. In *Ledbetter v. Homes by Paige, LLC*, 110 So.3d 141 (La. App. 1st Cir.), *writ denied*, 90 So.3d 445 (La. 2012), homeowners sued a general contractor for property damages, arguing they were entitled to non-pecuniary damages as a result of the contractor's alleged breach of contract. The jury found in favor of the homeowners but did not award non-pecuniary damages. On appeal, the Louisiana Fourth Circuit affirmed, finding the plaintiffs had put forth no evidence that they had purchased the home in question for a significant non-pecuniary purpose. *Ledbetter*, 110 So.3d at 148 (". . . although the Ledbetters may have had some

3

non-pecuniary interest relating to the personal preference of owning the home at issue, the nature of the contract appears to be primarily pecuniary.").

In the instant case, Orkin argues the plaintiffs are not entitled to pecuniary damages because they simply inherited the termite control contract in question and there is no evidence the contract was "intended to gratify the Menards' non-pecuniary interests" as the statute requires. Here, the evidence shows the plaintiffs merely assumed the 1979 termite control contract that was already attached to the home they purchased. The plaintiffs have not opposed the instant motion and have set forth no evidence that they entered into the contact to "gratify a significant nonpecuniary interest." Under these circumstances, the Court finds the plaintiffs are not entitled to damages for emotional distress because of Orkin's alleged breach of the termite control contract.

Considering the foregoing, the undersigned finds the plaintiffs' claim for emotional distress damages is not supported by the law and facts in this case, and the claim is DENIED AND DISMISSED with prejudice.

### *Conclusion*

Thus, for the foregoing reasons, **IT IS ORDERED** that Orkin's Motion For Partial Summary Judgment on Plaintiffs' Claim for Emotional Distress Damages [Doc. 38] is GRANTED. IT IS ORDERED that the plaintiffs' claim for emotional

distress damages is DENIED AND DISMISSED WITH PREJUDICE.

Thus done and signed this 17th day of October, 2018 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE